## ETTA C. WHITAKER *vs.* WILLIAM P. WHITAKER.

DIVORCE—DEFENDANT HELD NOT ENTITLED TO CONTINUANCE FOR PURPOSE
OF FILING ANSWER.

In a wife's action for divorce, an application by defendant for a contin-
uance to file an answer to a charge of adultery, based on a statement alleged
to have been made by defendant's brother-in-law to defendant that such a
change would not be pressed at the trial, *held* not to show cause entitling de-
fendant to a continuance, where it appeared that the cause was set down for
hearing on a day certain during the early part of the term and that the ap-
plication had not been made until the day set for hearing.

*(December 6, 1920.)*

BOYCE and RICE, J. J., sitting.

*Benjamin T. Biggs* and *Philip L. Garrett* for plaintiff.

*J. Rankin Davis* and *James H. Hughes, Jr.*, for defendant.

Superior Court for New Castle County, November Term, 1920.

DIVORCE, No. 69, November Term, 1920.

Action for divorce by Etta C. Whitaker against William P.
Whitaker. Motion for continuance denied. Cause heard and
decree nisi granted on the ground of extreme cruelty.

The causes alleged in the petition for divorce were extreme
cruelty and adultery. On the day set down for the hearing in the
cause, counsel for defendant moved for a continuance on the ground
of the ·absence of a material witness. Counsel for plaintiff op-
posed the application and insisted on the filing of the usual af-
fidavit, required by the rules of Court. Later, counsel for the de-
fendant withdrew the application, but asked leave to file an an-
swer to the charge of adultery and that for this purpose the case
be continued. *Bancroft v. Bancroft*, 4 *Boyce*, 9, 85 *Atl.* 561. This
request was based upon a statement alleged to have been made
by the brother-in-law of the plaintiff to the defendant to the ef-
fect that the charge of adultery would not be pressed at the trial.
Counsel for plaintiff opposed this application, and insisted that
neither the plaintiff nor her counsel are bound by the alleged state-
ment. It was pointed out that the cause was set down for hearing
on a day certain during the early part of the term, and it was urged
that because the application had not been made until the day set
for the hearing it comes too late.

PER CURIAM: The defendant has not brought himself within the rules and practice entitling him to a continuance. The Court will proceed with the hearing. If a decree nisi shall be granted, the defendant may, upon cause shown, within one year from the entry thereof have proceedings for review.

Decree nisi granted on the ground of extreme cruelty.